CIRCUIT COURT OF WISE COUNTY

Jack Hatcher

v.

Phyllis Hatcher, Hunter Hatcher,
and Scott Hatcher

January 2, 1985

Case No. C-81-323

By JUDGE S. W. COLEMAN, III

The above chancery suit pending in the Circuit Court of Wise County is before the court on a bill of complaint filed by Jack Hatcher against his wife and two children seeking to have the court declare that certain stock certificates currently held by Phyllis Hatcher and Scott and Hunter Hatcher are held in a constructive or resulting trust for the benefit of the plaintiff. The complainant further seeks after the declaration of trust to have the stock certificates partitioned or liquidated in a manner that he can recover his proportionate share of the trust res.

The basic contention of the complainant is that he provided $1,000.00 to his wife which combined with $1,000.00 of her own funds, which she inherited would be used to purchase one hundred shares of stock in the First State Bank for joint ownership of the parties. He alleges that approximately eighteen months later he provided $13,050.00 for the purchase of thirty additional shares of First State Bank stock under a preemptive purchase offer for the acquisition of additional stock. Jack Hatcher contends that Phyllis

Hatcher failed to acquire the stock in a joint account and subsequently liquidated the stock and acquired other stock which was registered in her name along with the names of their two children, Hunter Hatcher and Scott Hatcher. Phyllis Hatcher contends that the contributions of Jack Hatcher which were used for the acquisition of the stock were gifts from him to her in order that she could acquire the stock individually and not for joint ownership.

The burden rests with the complainant to establish either a constructive or resulting trust by clear and convincing evidence. Salyer v. Salyer, 216 Va. 521, 525 (1975). The distinction between a constructive trust and resulting trust is often rather attenuated or in many instances disregarded. However, a resulting trust is one based upon the presumed intention of the parties and does have as its foundation either an agreement or intention of the parties to enter a transaction or relationship founded on such presumed intention. A constructive trust is created by the law under certain circumstances or imposed upon the parties independent of their intention in order to prevent an injustice between the parties. Such trusts exist contrary to the intention of the parties and are created by operation of law in order to prevent injustice, fraud, misrepresentations, concealment, undue influence, duress or other wrongs for which a court of equity will intervene.

The court will not undertake a detailed reiteration of all of the conflicting evidence in this case. It is sufficient to note that there was considerable conflict as to the nature of the transaction, the details of exactly how the parties acquired, held and treated the transaction, including the original acquisition and subsequent acquisition of stock under the pre-emptive purchase option. Various demands and requests between the parties as to the stock was denied and refuted by both Jack Hatcher and Phyllis Hatcher. Scott and Hunter Hatcher were offered to substantiate that the money paid by Jack Hatcher was a gift to Phyllis Hatcher for her own use and acquisition of the stock and they further refuted in certain critical

respects those contentions relied upon by Jack Hatcher in order to establish either the resulting or constructive trust. It must be noted that the confidential relationship between parties is or may be a significant factor which a court of equity should consider in determining whether a constructive or resulting trust should be imposed. A confidential or fiduciary relationship between parties is one that the court cannot disregard in weighing the factors upon which a determination of trust may rest. The relationship of husband and wife is such a relationship that must be taken into consideration. See, 19 Michie's Jurisprudence, Trusts and Trustees, §§ 48-50, pp. 98-103. It should be noted that this marriage has experienced many years of discord and disharmony and during the latter years the parties maintained almost entirely separate lives while occupying the same marital residence. Almost simultaneously with the filing of this bill of complaint, a divorce proceeding was instituted which has now resulted in a dissolution of the marriage. The court makes note of the marital relationship insofar as it does have a bearing upon the relationship of the parties on the question of whether such relationship is one that along with other factors would permit the court to conclude that a resulting trust was intended or would require the court to declare a constructive trust.

It is the conclusion of the court that the evidence of the complainant fails to establish by clear and convincing evidence that the parties intended the acquisition to be one to acquire the stock in a joint account. Also, the court further finds no evidence of any wrongdoing, fraud, concealment or other injustice which would require that a constructive trust be impressed upon the property. To the contrary, it appears that during the time while this marriage was experiencing discord and disharmony that Jack Hatcher provided the sum of $1,000.00 to his wife in order that she could combine the sum with other assets which she had inherited in order to acquire her individual stock. The evidence offered on behalf of Phyllis Hatcher tends to substantiate and corroborate that such payments were a gift and the court is of the

opinion that the evidence preponderates in favor of such finding. Having concluded that the complainant has failed to establish the intent necessary for the court to declare the transaction a resulting trust and failed to establish any wrongdoing or injustice necessary to declare a constructive trust the relief sought by the complainant is denied.